IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-75,853-04






EX PARTE CHARLES HAMILTON, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D-1-DC-09-904060-B IN THE 299TH DISTRICT COURT


FROM TRAVIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to life imprisonment. Appellate counsel filed an Anders brief, and
Applicant was advised of his right to examine the appellate record and to file a pro se response brief.
No pro se brief was filed, and the Third Court of Appeals affirmed his conviction. Hamilton v. State,
No. 03-09-00500-CR (Tex. App. - Austin, July 15, 2010). 

 Applicant contends, inter alia, that he wanted to file a pro se response brief and that he
requested a copy of his trial records in order to prepare a brief, but did not receive his trial records
until after the Court of Appeals had affirmed his conviction.

 On January 11, 2012, this Court remanded to the trial court to obtain affidavits and findings
addressing Applicant's habeas allegations. This Court ordered the trial court to make findings as to
whether Applicant indicated a desire to examine the appellate record in order to file a pro se
appellate brief, and if so, whether and when Applicant was provided with copies of the record. 

 After remand, the trial court entered findings of fact and conclusions of law, finding inter alia
that Applicant did indeed request a copy of his records in order to prepare a pro se brief, but that he
sent his request to the Court of Appeals, which received it on April 9, 2010. The trial court finds that
Applicant did not receive his trial records until after the Court of Appeals had issued its opinion
because he did not timely send a request to the trial court or the district clerk for his records, but
requested them from the Court of Appeals instead.

 It is not clear how a pro se appellant would know how to obtain a copy of his trial records
in order to file a pro se response brief, unless appellate counsel informs the appellant of how to
obtain these records, or provides them to the appellant him or herself.

 Applicant has alleged facts that, if true, might entitle him to relief. Smith v. Robbins, 528
U.S. 259, 285-86 (2000); Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13
S.W.3d 791, 795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is
the appropriate forum for findings of fact. The trial court shall order appellate counsel to file an
affidavit stating precisely what advice he gave Applicant with respect to his right to inspect the
records and file a pro se response brief to counsel's Anders brief. If appellate counsel did advise
Applicant of these rights, appellate counsel shall state whether he advised Applicant of how to obtain
access to his trial records, and specifically as to in which court Applicant should file such a request. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's appellate counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall make findings as to whether Applicant was
advised of how to obtain access to his trial records in order to prepare a pro se response brief, and
if so, whether he was advised correctly. The trial court shall make findings as to why the Court of
Appeals could not provide Applicant with a copy of his trial records pursuant to Applicant's request
to that court. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.

Filed: February 13, 2013

Do not publish